COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BRENDA W. GROSS
                                    MEMORANDUM OPINION*
v.    Record No. 1081-00-2              PER CURIAM
                                     OCTOBER 10, 2000
WYETH-AYERST LABORATORIES AND
 CIGNA INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Brenda W. Gross, pro se, on brief).

             (Patricia C. Arrighi; Taylor & Walker, P.C.,
             on brief), for appellees.


     Brenda W. Gross contends that the Workers' Compensation

Commission erred in finding that (1) her claim alleging a neck

injury arising out of an October 8, 1996 injury by accident was

barred by the applicable statute of limitations; and (2) her

neck symptoms were not causally related to her compensable

October 8, 1996 injury by accident.  Although her brief contains

six other questions presented, the first two issues were the

only issues considered by the commission in its review opinion.

Accordingly, those are the only issues we will address on

appeal.


———————————————

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

"The right to compensation under [the Workers' Compensation Act] shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Code § 65.2-601.

> [I]t is the intent of Code § 65.1-87 that within [the time prescribed by the section,] an employee must assert against his employer any claim that he might have for any injury growing out of the accident. . . . Failure to give such notice within [the statutorily prescribed period] would seriously handicap the employer . . . in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident. The reason for the limitation . . . is a compelling one.

Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975) (construing former Code § 65.1-87).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission denied Gross's claim for a neck injury on the grounds that it was barred by the applicable statute of

limitations and that employer was not estopped from raising the defense. In so ruling, the commission found as follows:

> [Gross] initially claimed injuries to her left elbow and shoulder. On December 10, 1996, she signed [a Memorandum of Agreement] reflecting injuries to her left arm, hand, elbow, and shoulder. Accordingly, the Commission entered an award for those injuries. . . . [T]here has not been an award for a neck injury. [Gross] did file a Claim for Benefits on September 10, 1998, wherein a neck injury was alleged in an attached letter. That claim was heard on November 12, 1998, but the alleged neck injury was not pursued. Deputy Commissioner Mercer's December 16, 1998, Opinion did not address the alleged neck injury. The November 12, 1998, Hearing and the December 16, 1998, Opinion resolved the September 10, 1998, claim since no issues alleged in that claim were reserved for a later determination. The Claim for Benefits for the neck injury, which is the subject of this proceeding, was filed on February 9, 1999. The injury by accident occurred in October 1996. This claim is untimely as it relates to an alleged neck injury, and the Commission lacks subject matter jurisdiction. . . .

> Contrary to [Gross's] argument, her September 10, 1998, Claim for Benefits did not preserve a neck injury within the statute of limitations. This claim sought temporary total disability benefits from August 11 to August 13, 1998. At the November 12, 1998, Hearing, the parties agreed that the sole issue concerned alleged disability. There was no mention of a neck condition, nor did [Gross] present evidence of a neck injury. . . . While the December 16, 1998, Opinion did not make any finding regarding a neck condition, [Gross] did not appeal this decision. Also, the alleged neck claim was not reserved or continued. The Commission does not try cases piecemeal

- 3 -

and did not defer the issue of the neck condition to a later Hearing. The effect is that [Gross] did not pursue a claim for an alleged neck injury before February 9, 1999.

[T]he record does not reflect that the doctrine of imposition should estop the employer from alleging the statute of limitations defense. [Gross] had not shown by clear, precise, and unequivocal evidence that she detrimentally relied upon the employer's actions and statements to refrain from filing a claim. . . . [E]mployer timely sent her [a Memorandum of Agreement], Supplemental [Memorandum of Agreement], and an Agreed Statement of Fact; it filed all necessary reports; and it paid compensation and medical benefits. This evidence does not indicate that the employer acted with fraudulent intent or concealed a material fact. Although the insurance adjuster prepared the [Memorandum of Agreement], [Gross] voluntarily read and signed it.

The commission's factual findings are supported by credible evidence in the record. The only injuries included in the Memorandum of Agreement filed on June 6, 1997 were to Gross's left arm, left hand, left elbow, and left shoulder. Although Gross mentioned a neck injury in her September 8, 1998 letter attached to her September 10, 1998 Claim for Benefits, she did not pursue a claim for a neck injury at the November 12, 1998 hearing. Moreover, the December 16, 1998 opinion did not address the issue whether Gross had sustained a neck injury as a result of her compensable accident. Gross did not appeal that decision. Thus, Gross's Claim for Benefits for a neck injury filed on February 9, 1999, more than two years after her October

8, 1996 compensable accident, was untimely. Furthermore, we agree with the commission that the record failed to reveal that employer took any actions that would have estopped it from raising the statute of limitations defense.

In Shawley, the Supreme Court held that the commission lacked subject matter jurisdiction to award benefits for injury to the employee's right ankle and back, where the only injuries for which the employee filed a timely claim were to his left ankle and right hip. See 216 Va. at 443-44, 446-47, 219 S.E.2d at 851-53. The Court has also held that "[j]urisdiction [ordinarily] . . . cannot be conferred on the Commission by consent" and that it comes into being "when 'a claim [is] filed' within two years after the accident." Stuart Circle Hosp. v. Alderson, 223 Va. 205, 208-09, 288 S.E.2d 445, 447 (1982). Accordingly, the commission lacked subject matter jurisdiction to award benefits for a neck injury.

Because our ruling on the statute of limitations issue disposes of this appeal, we need not address the causation issue. For these reasons, we affirm the commission's decision.

Affirmed.

- 5 -