## Richmond

KARVER E. SHAWLEY v. SHEA-BALL CONSTRUCTION COMPANY, ET AL.

December 1, 1975.

Record No. 750170.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*J. Hunt Brasfield* (*Ashcraft, Gerel & Koonz*, on brief), for appellant.

*Thomas C. Palmer, Jr. (Brault, Lewis, Geschickter & Palmer,* on brief), for appellees.

HARRISON, J., delivered the opinion of the court.

Karver E. Shawley, an employee of Shea-Ball Construction Company, was injured on January 18, 1973, while descending on a ladder into one of the subway tunnels of the Metro Subway System under construction in Arlington. The ladder slipped and Shawley fell, injuring his left foot and ankle. Shea-Ball and its workmen's compensation carrier, Argonaut Insurance Company, appellees, accepted the claim as being compensable and entered into a memorandum of agreement with Shawley. The agreement described the nature of the injury as "right hip and left ankle". Pursuant to an award by the Industrial Commission of Virginia, dated March 23, 1973, Argonaut began paying Shawley compensation for total work incapacity at a weekly rate of $70, beginning March 8, 1973.

On July 11, 1974, appellees filed an application with the Commission for a hearing based upon a change of condition, and alleged that Shawley had "reached maximum improvement and has been rated as having 5% PPD [Permanent Partial Disability] of the left ankle". The Commission found probable cause and granted a hearing. On November 13, 1974, Commissioner Joyner denied and dismissed the application. On appeal, his action was reviewed and reversed, and, by unanimous decision, the full Commission concluded that by July 13, 1974, the maximum improvement of Shawley's injured left leg had been attained. It found a 20% permanent partial loss of the use of the left leg and entered an award in accordance with this finding.

A detailed review of the numerous letters and medical reports from the physicians and surgeons who attended and examined Shawley is not necessary. It suffices to note that the record shows that between January, 1973, and November, 1974, Shawley was seen and examined by at least nine physicians for various complaints, some obviously unrelated to the accident.

■■ Shawley's principal assignment of error deals with the refusal of the Commission to include in its consideration of his claim for a left ankle injury his additional claim for alleged back and right leg injuries. The Commission found that:

"No written claim for injury to the back or right leg was filed with the Commission within one year from the date of accident as

required by § 65.1-87, Code of Virginia. Moreover and admittedly, it was only beginning around February 1974 that the first reference was made or appears in reports to any back or right leg condition.

"The evidence herein plainly establishes that no assertion or complaint of back or right leg injury was even made under thirteen months after the occurrence of the January 18, 1973 accident."

These findings of fact are conclusive and binding upon this Court. Code § 65.1-98; *Mills v. Virginia Electric, Etc., Co.*, 197 Va. 547, 90 S. E. 2d 124 (1955); and *Burlington Mills v. Hagood*, 177 Va. 204, 13 S. E. 2d 291 (1941).

An examination of the medical reports and other documents submitted within the twelve month period from the date of the accident fails to disclose any reference to an injury to Shawley's back or to his right leg or right ankle. Nowhere in any of the reports is it recorded that Shawley complained of such an injury within that period. The only reference to the right ankle during the twelve months following the accident is found in an orthopedic report of an examination of appellant by Dr. Thomas L. Neviaser who wrote on November 19, 1973: "His [Shawley's] right ankle is aching now because he is putting most of his weight on his right side." After a most thorough examination of Shawley, Dr. Neviaser, without any mention of a back injury, gave his opinion that "this patient's left ankle has instability and traumatic arthritis secondary to his original accident and evidence of changes in the right ankle compatible with a mild amount of arthritis which is due to an old injury which the patient had many years ago."

In Dr. Maurice H. Herzmark's report on Shawley's condition, dated June 14, 1973, he noted Shawley's past history of a fracture of his right ankle in 1964, and of a back injury in 1959, which was re-injured in 1966. It is significant that notwithstanding the fact that he treated Shawley for both of these old injuries, Herzmark made no reference in his report to a possible re-injury to, or aggravation of, the right ankle or back in the 1973 accident. He made no reference to any complaint by Shawley that his back and right ankle were injured in the 1973 accident or that he was then suffering therefrom. Herzmark's impression and report of Shawley's condition in June, 1973, concerned only the left ankle and left foot. It was not until February 20, 1974, that Dr. Herzmark mentioned any possible back involvement or complaint.

The appellees' application, alleging a change of condition, was resisted by Shawley on the ground that he continued to be totally disabled "from other injuries received in his industrial accident on January 18, 1973". At the August 20, 1974 hearing, appellant testified that both his back and right ankle injuries were related to the accident. It was upon consideration of the entire record on review that the Industrial Commission reversed and vacated the decision and award of Commissioner Joyner made on November 13, 1974. The Commission found that the back and right ankle claims asserted by appellant were for injuries not covered by the memorandum of agreement or by its original award; that they were claims for new injuries not theretofore asserted by appellant; and that they were barred by the provisions of Code § 65.1-87, which required that a claim be filed with the Commission within one year after the accident or be forever barred.[1]

■ *Binswanger Glass Co.* v. *Wallace*, 214 Va. 70, 73-74, 197 S. E. 2d 191, 193-94 (1973), deals with the limitations prescribed in Code §§ 65.1-87 and 65.1-99. There we said:

> "It is well settled that a claimant under the workmen's compensation law must show that his original claim was timely filed, for such filing within the statutory period is jurisdictional. *Coal Company* v. *Pannell*, 203 Va. 49, 122 S. E. 2d 666 (1961). 'The right to compensation under the workmen's compensation law is granted by statute, and in giving the right the legislature has full power to prescribe the time and manner of its exercise.' *Winston* v. *City of Richmond*, 196 Va. 403, 407, 83 S. E. 2d 728, 731 (1954). The language of § 65.1-87, relating to the filing of an original claim, is clear. It deals with the right to compensation under the Workmen's Compensation Act, and the same statute which gives the right provides that the right shall be forever barred unless exercised within a year.
>
> "There is logic in treating the limitation prescribed in Code § 65.1-87 as jurisdictional and the limitation provided in § 65.1-99 as not jurisdictional.
>
> " ' "[A] change in condition is quite different from the right to recover for the injury itself. . . . It is impossible to have a

---

[1] "Code § 65.1-87. Time for filing claim.—The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless a claim therefor be filed with the Commission within one year thereafter." By Acts of Assembly 1975, c. 471, the period of filing a claim was extended to two years unless death results from the accident.

change in condition without a prior award. A change in condition is based upon an award in a compensable case. Its object is purely remedial, as it enlarges or diminishes the former award to meet the circumstances of a particular case." ' *Allen* v. *Mottley Construction Co.*, 160 Va. 875, 886, 170 S. E. 412, 416 (1933).

"The basic nature of the notice required by Code § 65.1-87 and the necessity for an applicable jurisdictional limitation are apparent. Such notice is often the first knowledge that an employer and his insurance carrier have of an accident and of their potential liability. It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not. This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the Industrial Commission.

"It is also clear that '[t]he legislature intended [by the enactment of the predecessor of Code § 65.1-99] to place a limit within which a change of physical condition must be asserted in order to eliminate the indefiniteness and uncertainty involved in this class of cases.' *Allen* v. *Mottley Construction Co., supra*, at 890, 170 S. E. at 418. The reason for this limitation is not as compelling as the reason for a limitation within which an original claim must be filed."

Appellant argues here that it was not necessary for him to specify all injuries in his original claim, or to assert them within one year thereafter, since he was drawing the maximum compensation permitted. We disagree. Clearly it is the intent of Code § 65.1-87 that within one year from the date of an accident an employee must assert against his employer any claim that he might have for any injury growing out of the accident. As we observed in *Binswanger, supra*, it is this notice to the employer and his insurance carrier that gives them knowledge of the accident and of their potential liability. Failure to give such notice within twelve months from an accident would seriously handicap the employer and the carrier in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident. The reason for the limitation prescribed by Code § 65.1-87 is a compelling one.

In the instant case, and notwithstanding myriad examinations by numerous doctors and surgeons, and innumerable medical reports, neither the employer nor the carrier had any knowledge therefrom

for over 12 months that Shawley's back or right ankle was involved, or that any claim for such injuries would ever be made against them. Had such injuries been caused by the January 18, 1973 accident, and had claim been made therefor, appellees could have made proper investigation of the claim to determine its validity and the treatment necessary to effect a cure of the claimant and to minimize the employer's liability.

We also find no merit in Shawley's claim that his employer's application for review should have been denied for lack of probable cause. At the time the application was filed, appellees had received, and filed with the Commission, a medical report, dated March 27, 1974, from Dr. Leo B. Van Herpe, one of Shawley's attending physicians, which showed that essentially Shawley had "a severe sprain of the ankle on the left side, . . . [with] some residual pain, swelling and tenderness". Dr. Van Herpe assigned a 5% partial permanent impairment of the left ankle as a result of the injury, with no indication on the basis of his "prolonged treatment" of appellant that he sustained any injury to any of the other areas about which he was then complaining. Appellant was then being paid compensation for temporary total disability. Certainly a letter from a reputable physician, stating that appellant, who was then drawing 100% disability, in fact, only had 5% partial permanent impairment of the left ankle, supplied the necessary "probable cause" to grant the application for review. Probable cause for review existed regardless of whether or not appellees could thereafter offer satisfactory supporting evidence which would constitute a legal basis for changing the existing award.[2]

Appellant argues alternatively in his brief that assuming his back and right ankle conditions are not a direct result of the 1973 accident, then they are developments proceeding from the injuries received in the accident and the treatment administered. To support his contention, he points to his weight (290 pounds); the fact that he continued to work for several weeks following the accident while wearing a heavy and awkward cast; and the fact that he wore a cast for long periods during which he favored the injured left ankle by

---

[2] Code § 65.1-99 provides, in pertinent part, that "Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded. . . . No such review shall affect such award as regards any moneys paid but no such review shall be made after twelve months from the last day for which compensation was paid, pursuant to an award under this Act. . . ."

putting most of his weight on his right side. It does not appear that this argument was made to the Industrial Commission. In any event, we do not find sufficient evidence to support it.

At the hearing before Commissioner Joyner on August 20, 1974, Shawley was questioned about working after the accident, and he was asked if he had back problems then. Appellant's reply was: "Oh yes, but given 35%, you know, *in years gone by that thing never completely left me,* and I always thought it was the strain put upon by carrying this thing around on my left foot and my left leg . . ." Appellant was apparently referring to his 1959 back injury, the disability of 35% awarded him at that time, and the fact that he never completely got over this old back injury.

On July 11, 1974, Shawley was examined by Dr. Samuel R. Sawmiller. In his report of the examination, Dr. Sawmiller said Shawley came in "stating he has been having difficulty with his back since an injury January 18, 1973". On August 19, 1974, Shawley was examined by Dr. Arthur B. Wein. In his report of the 1973 accident, Dr. Wein said that Shawley "sustained an injury to his left ankle, right ankle and lower back".

It therefore appears from the medical reports that, beginning some thirteen months after the accident, Shawley first began to complain of a back and right ankle injury, but that he then attributed it to the accident itself, and not as a consequence or indirect result of his left ankle injury or the treatment that he had received therefor. There is ample evidence in this record that appellant is disabled and suffering from many infirmities, including some that involve not only his left ankle but possibly his back and right ankle. It is by no means clear whether his back and right ankle conditions were aggravated by the 1973 accident, or whether they result solely from the previous accidents that he has had. If the 1973 accident aggravated these pre-existing conditions, no claims were made therefor within twelve months, and they are therefore barred by Code § 65.1-87. And there is insufficient evidence for the Commission to have found that the back and right ankle conditions were aggravated by, or grew out of, the medical treatment administered to Shawley for his left ankle, or were developments proceeding from the left ankle injury.

Finally, appellant requests that the case be remanded to the Industrial Commission for a reconsideration "upon the extent of permanent disability in appellant's left ankle or leg". Admittedly, there was evidence by Doctors Herzmark and Wein indicating a 35% permanent disability of the left ankle, and from Dr. Neviaser of

a 60% disability, which percentage could be reduced by surgery. However, Dr. Van Herpe's estimate of this disability was 5%. A determination of the percentage of disability depends upon and must be based on the evidence, particularly the evidence of the doctors who examined and treated Shawley. The Industrial Commission, after weighing that evidence, has found the disability of the left leg to be 20%. We cannot say as a matter of law that the Commission erred in making such a determination.

The award of the Commission is therefore

*Affirmed.*