## Arlington

### WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

v.

### BENJAMIN D. MEDLEY

No. 0209-85

Argued June 18, 1985

Decided October 15, 1985

COUNSEL

Benjamin J. Trichilo (Lewis & Trichilo, on brief), for appellant.

Julia H. Butler (Ashcraft & Gerel, on brief), for appellee.

Opinion

**DUFF, J.**—The issue presented in this appeal is whether there was sufficient evidence in the record to support the Industrial Commission's finding that an admittedly compensable injury of December 6, 1983, to the right knee of Benjamin D. Medley (claimant), was the cause of tendonitis diagnosed in his left knee on or about April 3, 1984.

On December 6, 1983, the claimant fell on his right knee while attempting to open a hatch cover as part of his employment as an electrician with the Washington Metropolitan Area Transit Authority (employer). He came under the care of Dr. Carl C. MacCartee, Jr., an orthopedic surgeon, who diagnosed the injury as a first-degree medial collateral ligament sprain of the right knee and advised the claimant to wear a splint and use crutches.

Approximately two months after the injury, the doctor advised the claimant to stop using crutches, and on February 23, 1984, said that he could return to work on March 5, 1984. The claimant visited Dr. MacCartee on April 3, 1984, and told him that he had not returned to work because shortly after discarding the crutches, he began experiencing pain in his left leg. Dr. MacCartee diagnosed the problem as tendonitis of the left knee, which he then treated. The claimant contends that his prolonged use of crutches caused the tendonitis.

The claimant remained off work until May 4, 1984; thus, the issue is whether the disability from March 5, 1984, to May 4, 1984, admittedly resulting from tendonitis of the left knee, is compensable. The Commission, in affirming the deputy commissioner's opinion, held that

> a fair reading of the medical reports in this case together with the uncontroverted statement of the claimant in the course of hearing persuades us to believe that the claimant's left knee problem was discussed between the claimant and his treating physician, and that the left knee tendonitis was a compensable consequence of the claimant's industrial accident of December 6, 1983.

The employer contends that the record is devoid of evidence to support a nexus between the accident of December 6, 1983, and

the left knee tendonitis. Also, the employer argues that tendonitis is an ordinary disease of life, thus not compensable unless falling within one of the exceptions contained in Code § 65.1-46. The employer relies strongly on *Shawley* v. *Shea-Ball Construction Co.*, 216 Va. 442, 219 S.E.2d 849 (1975) and on *Western Electric Company* v. *Gilliam*, ___ Va. ___, 329 S.E.2d 13 (1985).

We conclude, after a careful review of the record and an examination of the cited authorities, that the opinion of the Commission should be affirmed.

■ Under familiar principles, we are bound by the Industrial Commission's findings of fact. If the record contains evidence or reasonable inferences that can be drawn therefrom, which support the findings of the Commission, they will not be disturbed on appeal. *Caskey* v. *Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983); *see Eccon Construction Co. v. Lucas*, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981).

Admittedly, there is no medical testimony or report in the record that expressly and unequivocally states a causal connection between the accident and the tendonitis of the left knee. However, in his report of May 24, 1984, Dr. MacCartee listed the date of accident as December 6, 1983, and the final diagnosis as: "sprain, medial collateral ligament, right knee" and "tendonitis, left knee."

The record also contains an undated note from Dr. MacCartee, showing both of the above diagnoses and listing the date of injury as December 6, 1983.

At the hearing, the claimant's testimony, without objection, regarding Dr. MacCartee's comments about the left leg problem, was as follows:

> I can understand that, what had happened when I told you to get off the crutches, you still had favor in this right leg and you forgot about . . . in other words, I didn't have any strength in this leg. He said that's normal to happen he said, but eventually you will regain your strength and he said keep on doing what I tell you.

Neither of the two reports mentioned above limits the results of the December 6 injury to the right knee. We are of the opinion

that a fair inference could be drawn from the medical reports and the claimant's testimony that Dr. MacCartee attributed the left knee problem to the accident of December 6, 1983. The Commission found that the left knee problem was a compensable consequence of that accident, and we cannot say that such finding has no basis in the evidence.

In *Shawley*, the primary issue was whether injuries to a claimant's back and right ankle were compensable under a memorandum of agreement that listed injuries only to the right hip and left ankle. Since more than twelve months had elapsed from the date of accident until any claim was asserted for injury to the back and right ankle, this claim was barred by the jurisdictional limitations contained in Code § 65.1-87. 216 Va. at 445-46, 219 S.E.2d at 853. This procedural bar is not involved in this case.

The claimant in *Shawley*, however, argued alternatively that, although his back and right ankle conditions were not a direct result of his accident, they developed from the injuries received in the accident and the treatment administered. *Id.* at 447, 219 S.E.2d at 853. The court reviewed the evidence carefully and noted particularly that the claimant had made no complaints regarding injury to his back or right ankle until some thirteen months after the accident, and then he attributed them to the accident and not as a consequence or an indirect result of his left ankle injury or the treatment he had received. *Id.* at 448, 219 S.E.2d at 854. The opinion recited no evidence that in any way supported or inferred that the back and right ankle problem resulted from treatment of the injuries received in the accident. *Id.* As such, *Shawley* is distinguishable.

In *Gilliam*, the issue was whether tenosynovitis, a condition gradually incurred because of repeated work-related trauma, was compensable as an occupational disease. In reversing the Industrial Commission's award in favor of the claimant, the court accepted the Commission's factual findings that tenosynovitis was a disease "for purposes of this opinion," but relied on Code § 65.1-46 to hold that an ordinary disease of life was not covered unless it fell within one of the two exceptions contained in the statute, which it did not. ___ Va. at ___, 329 S.E.2d at 14.

*Gilliam* did not involve the issue presently before us; namely, whether sufficient evidence existed to support the Commission's

finding that tendonitis was a compensable consequence of the treatment rendered for other admittedly compensable injuries.

Nor do we find any indication in the record that the employer contested benefits for the period of March 5 through May 3, 1984, on the basis that the disability was from a disease not covered by the statute. Both sides very ably focused on the issue of the sufficiency of the evidence relating to the Commission's finding that the left knee disability was a compensable consequence of the right knee injury.

Of final concern is the employer's contention that there was evidence that the claimant had injured his left knee in an automobile accident on December 16, 1983. We are entirely satisfied from the record that the only basis for this assertion was a misprint in the report from Dr. David C. Johnson. At the hearing, the claimant testified that he had injured his left knee on December 16, *1982*. He returned to work in early 1983, receiving no further medical treatment relating to the 1982 accident. The claimant experienced no further difficulty with the left knee until pain developed after discarding his crutches, as directed by Dr. MacCartee in February 1984. The record is devoid of any evidence connecting the claimant's tendonitis with the automobile accident of December 16, 1982.

Accordingly, the order of the Industrial Commission is

*Affirmed.*

Hodges, J., and Moon, J., concurred.