COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


GWALTNEY OF SMITHFIELD, LTD. AND
 LUMBERMENS MUTUAL CASUALTY COMPANY
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1632-96-1    JUDGE RICHARD S. BRAY
                                       FEBRUARY 11, 1997
ANDREA THOMASINA TYNES


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Timothy P. Murphy (William W. Nexsen; William
              W. Tunner; Stackhouse, Smith & Nexsen, on
              brief), for appellants.

              Alan P. Owens for appellee.


     Andrea Thomasina Tynes (claimant) received an award of

benefits for a neck injury suffered on January 6, 1993.  Gwaltney

of Smithfield, Ltd. and Lumbermens Mutual Casualty Company

(collectively, "employer") appeal, contending that the Virginia

Workers' Compensation Commission (commission) erroneously

concluded that the disputed injury was properly reported within

the limitations period prescribed by Code § 65.2-601.  We concur

with the commission that the injury was a part of the original

claim and compensable under the attendant award.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  Under familiar principles, we

construe the evidence in the light most favorable to the party

─────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

prevailing below, claimant in this instance. See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). If supported by credible evidence, the commission's findings of fact are binding and conclusive on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); see Code § 65.2-706.

Code § 65.2-601 provides that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." The original claim in this instance described an injury to claimant's right shoulder which occurred on January 6, 1993, without reference to complaints of the neck or cervical spine. The instant application for benefits related to claimant's neck was first filed with the commission on June 5, 1995. Employer, therefore, contends that Code § 65.2-601 and the related holding in Shawley v. Shea-Ball Construction Co., 216 Va. 442, 219 S.E.2d 849 (1975), preclude an award for this injury.

In Shawley, the Court applied Code § 65.1-87 (now Code § 65.2-601) to conclude that a failure to specify all injuries in a claim or claims filed within the statutory period is jurisdictional, preventing the commission from entertaining a later claim. See 216 Va. at 445-46, 219 S.E.2d at 852-53. The Court noted that

> notwithstanding myriad examinations by numerous doctors and surgeons, and innumerable medical reports, neither the employer nor the carrier had any knowledge therefrom for over [the statutory period]

2

that Shawley's back or right ankle was involved, or that any claim for such injuries would ever be made against them. Had such injuries been caused by the [same accident which caused the right hip and left ankle injuries], and had claim been made therefor, [the employer and carrier] could have made proper investigation of the claim to determine its validity and the treatment necessary to effect a cure of the claimant and to minimize the employer's liability.

Id. at 446-47, 219 S.E.2d at 853 (emphasis added).

Here, claimant reported neck pain to Dr. Persons, his treating physician, on June 21, 1993, and Persons notified employer accordingly in correspondence dated August 12, 1993, received by employer on August 16, 1993, and filed with the commission on December 7, 1993, all within the statutory period. Claimant's physician opined that claimant's continuing pain was caused, in part, by a cervical disc injury which coincided with the initially reported shoulder injury. Dr. Magness recommended corrective cervical surgery "in hopes of improving his shoulder pain." The commission, therefore, concluded the claimant was simply "seeking treatment for the exact same injury which [was] the subject of his compensable claim," a factual finding clearly supported by credible evidence. The rationale of Shawley is inapplicable in such circumstances.

Thus, finding no error in the award, we affirm the commission.

Affirmed.

3