COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


SAFEWAY STORES, INC.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2965-00-4          JUDGE ROSEMARIE ANNUNZIATA
                                         JULY 17, 2001
JOHN MARVIN LARRICK


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            C. Ervin Reid (Wright, Robinson, Osthimer &
            Tatum, on briefs), for appellant.

            John M. Larrick, pro se.


     The appellant, Safeway Stores, Inc., appeals an award of

benefits made by the Workers' Compensation Commission to the

appellee, John M. Larrick.  Safeway contends:  (1) Larrick's

claim is barred under Code § 65.2-601; and (2) the full

commission erroneously considered evidence created before, but

filed after, the date of the deputy commissioner's opinion.

Because we find Larrick's claim is not time-barred, we affirm.

                            BACKGROUND

     Larrick injured his lower back on January 19, 1990, while

lifting a box at work.  The employer's first report of the

accident to the commission, dated February 5, 1990, indicated

that Larrick's injury was to his "lower back."  Larrick's claim

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

was accepted as compensable by Safeway, and the parties entered into a memorandum of agreement for payment of compensation.  The agreement, dated March 15, 1990, indicated that the nature of the injury was "lumbosacral strain."

At some point after his initial back injury, Larrick began experiencing pain in his neck and shoulder.  Larrick estimated the symptoms began three to four weeks after the lifting incident; however, he first received treatment for his neck and shoulder pain in 1994.

Larrick underwent surgery on his lower back in May 1991.  On January 5, 1992, Larrick filed a claim for benefits with the commission, listing his only injury as a "ruptured disk."

In April 1994, Larrick's treating physician, Dr. H. Edward Lane, III, referred the employee to Dr. Steven F. Kennedy for evaluation of his neck and shoulder problems.  Larrick reported to Dr. Kennedy that the shoulder pain stemmed from the January 1990 accident.  Larrick admitted, however, that he had had shoulder, neck and upper back pain since a work-related accident approximately thirty-five years ago and that he had undergone trigger point injections in his shoulder without much success as recently as 1986 and 1987.  Dr. Kennedy noted that Larrick's "MRI demonstrate[d] degenerative changes at C-4/5 with central disk herniation and some disc herniation lateralizing to the left side.  C-5/6 also ha[d] a disc bulge as [did] C-3/4."

-

On January 14, 2000, Larrick filed a claim for benefits seeking payment for medical treatment related to his neck and shoulder injuries. Although Safeway had paid for treatment to Larrick's neck and shoulder since 1994, it refused to pay for any further treatment related to these two areas.

The commission selected the issue for determination on the record. Each party was directed to file a written statement and any evidence by February 24, 2000. The parties were specifically advised that no additional information would be accepted after that date.

The deputy commissioner found Larrick's neck and shoulder problems were not causally related to the January 1990 accident and, therefore, denied benefits for treatment to those areas.

The full commission reversed, finding the neck and shoulder injuries were causally related to Larrick's lower back injury suffered in January 1990. In reaching this conclusion, the commission relied on reports by Dr. Lane, which were also considered by the deputy commissioner, and in part on a report by Dr. Khaliqi, which was not considered by the deputy commissioner because Larrick did not file the report with the commission until after the deputy commissioner issued his opinion.

Safeway also contended that Larrick's claim for benefits relating to his neck and shoulder injuries was time-barred because he did not file a separate timely claim for these

-

injuries. In concluding that the claim was not time-barred, the full commission found that the lower back, neck and shoulder conditions involved "all the same muscle mass," as Dr. Lane stated in his report, and that because Safeway had been paying for treatment for Larrick's neck and shoulder conditions, Safeway was on notice of those two conditions.

Safeway appealed the commission's ruling to this Court, and we now affirm.

### ANALYSIS

An employee must assert against his employer "_any_ claim that he might have for _any_ injury growing out of the accident," within the two-year statute of limitations period found in Code § 65.2-601. Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975) (emphasis added). Therefore, if an employee suffers multiple injuries during the same accident, the employee must assert a claim for each injury, within the statute of limitations period. The limitation found in Code § 65.2-601 is jurisdictional. Barksdale v. H.O. Engen, Inc., 218 Va. 496, 497, 237 S.E.2d 794, 795 (1977); Shawley, 216 Va. at 445, 219 S.E.2d at 852. If an employee fails to assert a claim with respect to a particular injury within two years from the date of the accident, that claim is forever barred, and the commission does not have the jurisdiction to consider the claim or make an award with regard to it. See Code § 65.2-601.

-

Larrick injured his lower back at work on January 19, 1990. On February 5, 1990, Safeway filed a first report of accident, indicating that Larrick's injury was to his "lower back." On March 15, 1990, the parties entered a memorandum of agreement for payment of compensation for a "lumbosacral strain."[1] Larrick filed a claim for benefits on January 19, 1992, listing his injury as a "ruptured disk." Under Code § 65.2-601, Larrick had two years from the date of his accident, until January 21, 1992, to file a claim for any other injuries. Larrick did not file a separate claim for his neck and shoulder conditions.

Because Larrick did not file a separate claim for his neck and shoulder conditions, his claim will be deemed time-barred unless the evidence shows that they constitute the same injury as the lower back injury, a claim that was timely filed.[2] Cf. Shawley, 216 Va. at 446, 219 S.E.2d at 853 (holding that where there are two independent and unrelated injuries resulting from the same accident, two claims must be timely filed). In

---

[1] "Lumbosacral" is defined as, "pertaining to the loins and sacrum." Dorland's Medical Dictionary 962 (28th ed. 1994). "Sacrum" is defined as, "the triangular bone just below the lumbar vertebrae, formed usually by five fused vertebrae that are wedged dorsally between the two hip bones." Id. at 1479.

[2] We note that Larrick has not claimed that his neck and shoulder injuries were caused by his lower back injury, thus falling under the compensable consequences theory. Rather, Larrick claims the neck and shoulder injuries, together with the lower back injury, were the direct result of the January 19, 1990 accident.

-

addressing the issue of whether Larrick's claim was time-barred, the full commission stated the following:

> With regards to the employer's argument that the claim is time-barred, the employer has been paying for treatment for both neck and back pain for ten years. The treating doctor[, Dr. Lane,] over this period describes the condition as "all the same muscle mass." There is no question the employer was on notice and accepted the neck condition as compensable along with the back. Although it may question causation at this stage, it cannot prevail on a statute of limitations defense.

The commission relied on the opinion of the treating physician, Dr. Lane, in finding that Larrick's lower back, neck and shoulder conditions are the same injury. "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's finding[], [it] will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

In his opinion, Dr. Lane stated:

> It seems that his paraspinal muscles go into spasm throughout his back. . . . The paraspinal muscle groups, as you well know, extend throughout the back and neck, and irritation of the lumbosacral spine, in the muscle itself, certainly can affect the same muscle group higher up, and it appears this is his issue. We have not defined a major issue with cervical disc disease, and it does all seem to be soft tissue and related to the muscles of his back.

-

In short, according to Dr. Lane, Larrick suffered one injury to his back that manifested itself in various symptoms, including pain in his lower back, neck and shoulder.  We find Dr. Lane's opinion constitutes sufficient evidence to support the commission's finding that Larrick suffered one injury, albeit with various symptoms.  Thus, Larrick was not required to file a separate claim for his neck and shoulder injuries; his claim was timely filed.  Accordingly, we affirm the commission's ruling that Larrick's claim was not time-barred.[3]

Finally, Safeway contends that the commission improperly considered Dr. Khaliqi's opinion on the issue of causation because it was filed after the deputy commissioner's ruling.  We find this claim is barred under Rule 5A:18.[4]  Safeway was not aware of the alleged error until the commission issued its written opinion; however, the commission specifically referred to Dr. Khaliqi's report in its opinion and Safeway failed to

---

[3] Because we affirm on other grounds, we do not address the commission's additional finding that because Safeway had notice of Larrick's claim for his neck and shoulder injuries, the claim was not time-barred.

[4] Rule 5A:18 provides:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

-

explain why it did not raise the alleged error before the commission, prior to appealing to this Court.  Accordingly, we will not consider the issue on appeal.  Rule 5A:18.

Affirmed.

Agee, J., concurring.

I join the majority opinion as to the Rule 5A:18 issue and concur in the result that Safeway Stores, Inc. (the employer), is obligated to pay for the medical treatment to John Larrick (the claimant) for his neck and shoulder injuries arising out of the January 1990 accident at issue in this case. However, I would affirm the Workers' Compensation Commission's (the commission) decision for reasons which differ from the majority's analysis.

The controlling question on appeal to us from the commission is whether it had jurisdiction to consider the claimant's January 14, 2000 claim for benefits for his neck and shoulder injuries stemming from a January 1990 accident.

The employer contends that it was error for the commission to consider the claim, averring that Code § 65.2-601[5] bars the commission from considering the neck and shoulder claim filed ten years after the accident as the memorandum of agreement (approved by the commission) lists only a lumbosacral strain. The employer argues that Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975), controls this matter.

---

[5] Code § 65.2-601 provides "[t]he right to compensation under [the Workers' Compensation Act] shall be forever barred, unless a claim be filed with the commission within two years after the accident."

-

The Supreme Court of Virginia set out a definitive statement of the applicable law in Shawley.

> Appellant argues here that it was not necessary for him to specify all injuries in his original claim, or to assert them within [the statutory period] . . . . We disagree. Clearly it is the intent of [the statute] that . . . an employee must assert against his employer any claim that he might have for any injury growing out of an accident. . . . [I]t is this notice to the employer and his insurance carrier that gives them knowledge of the accident and of their potential liability. Failure to give such notice within [the statutory time period] from an accident would seriously handicap the employer and the carrier in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident. The reason for the limitation prescribed by [the statute] is a compelling one.

Id. at 446, 219 S.E.2d at 853.

In its holding, the Supreme Court was clear that notice made with specificity and asserted within the statute of limitations is required for a claim to be considered by the commission. A claimant is thus required to identify all his injuries within two years of the date of the accident. Any claims made after the statute of limitations has run, bars the commission's consideration of this matter as its jurisdictional authority terminates at the two-year mark. See Code § 65.2-601. Further, the commission has no authority to rewrite a memorandum of agreement to encompass the injury or to determine if adjacent

-

body parts not identified in the agreement are "close enough" to be covered.[6]  See Shawley, 216 Va. at 446, 219 S.E.2d at 853.

If the case at bar was limited to those facts similar to Shawley, I would agree with the employer that the claimant's claim was time-barred as the injury identification of "lumbosacral strain" in the timely filed claim and memorandum of agreement, and the treatment to the claimant's back, did not put the employer on notice as to its potential liability for the later claimed injury to the neck and shoulder.  This is particularly true in this case, as there was no evidence that the injuries to the neck and shoulder were treated until 1994, two years after the statute of limitations had run.  However, the facts in this matter are not limited to an analogy to the facts of Shawley.  There is an additional and determinative circumstance in this case, which vitiates the Shawley defense and supports recovery by the claimant.

On August 6, 1996, the parties jointly filed, and the commission approved, an order requiring the employer to pay "all reasonable medical bills for medical services causally related to the January 19, 1990, accident which are:  (1) rendered by an authorized health care provider, and, (2) rendered up to and

---

[6] Such an action by the Commission disregards its own precedent.  See Gross v. Wyeth-Ayerst Laboratories, V.W.C. No. 182-73-27 (April 11, 2000), aff'd per curiam, Gross v. Wyeth-Ayerst Laboratories, Record No. 1081-00-2 (Va. Ct. App. Oct. 10, 2000).

-

including eight (8) years from the date of entry of this Order." (Emphasis added).

By entering into the agreement, the employer chose, in the prudent exercise of its business judgment, to limit its potential liability exposure by receiving the quid pro quo from the claimant of a fixed time period of liability to August 6, 2004. Assuming, arguendo, that the employer had a valid defense under Shawley on August 5, 1996, it agreed by contract to, in effect, waive that defense for "medical services causally related" for a fixed period of exposure (8 years) commencing after that date. Such decisions are commonly made in litigation, help to timely resolve controversies and are to be encouraged by the courts.

The employer must now abide by its bargain. The employer agreed not to just pay for health care services valid and enforceable by reason of the January 19, 1990 accident as of August 5, 1996. To the contrary, the employer agreed to pay for "medical services causally related" without limitation as to the enforceability of such a claim on the date of the agreement.

It is this agreement that gives the commission jurisdiction to consider this matter. "All questions arising under [the Workers' Compensation Act] . . . shall be determined by the commission . . . ." Code § 65.2-700. The commission clearly had statutory jurisdiction to enter the jointly requested August 6, 1996 order and retained jurisdiction to enforce it. The

-

employer's argument that the commission lost jurisdiction by reason of the commission approved agreement of the parties is simply erroneous.  "This grant of subject matter jurisdiction includes the authority of the commission to enforce its orders and to resolve coverage and payment disputes."  Bogle Development Co. v. Buie, 250 Va. 431, 434, 463 S.E.2d 467, 468 (1995).  The commission, therefore, properly asserted jurisdiction as eight years from the time of the order has not lapsed.

The focus in this matter then changes to making a determination of whether the medical treatment provided to the claimant for the pain in his neck and shoulder was causally related to the January 1990 accident.  While the commission applied the same analysis of the majority, which I find to be inapplicable, the commission did make factual findings that address this issue:

> From this record, we find that the treatment by Dr. Lane and the Fairfax Anesthesiology Associates for the claimant's back, neck and shoulder are reasonable, necessary, and causally related to the accident.  Dr. Lane has been the primary treating orthopedist since the accident, and he has stated unequivocally that the lumbar, shoulder, and neck pain are related.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488

-

(1989).  This finding by the commission is supported by the evidence and, therefore, must be upheld.

The claimant's neck and shoulder pain arose shortly after the accident.  The lumbar laminectomy performed on the claimant did not ease his pain.  The treating orthopedist wrote that "irritation of the lumbosacral spine, in the muscle itself, certainly can affect the same muscle group higher up, and it appears this is [claimant's problem]."  A second physician opined:

> [T]his pain is directly related to the injury [the claimant] experienced while working for the Safeway store.  It is my feeling that the discomfort in his lumbosacral spine is directly related to the pain that [the claimant] is experiencing in his upper back and the occipital area of his head.  The pain [the claimant] has been having is directly related to his initial injury.

The only evidence offered to contradict these medical opinions is the opinion of the employer's selected physician, Dr. Wattenmaker, who examined the claimant once.  He concluded that the neck and shoulder pain was unrelated to the 1990 accident. Dr. Wattenmaker, whose reasoning was based on "nothing more than common sense," opined that if the claimant had sustained an acute injury to the shoulder or neck he would have felt pain immediately, not days later.  The commission did not find Dr. Wattenmaker's opinion persuasive in light of the other evidence.

-

Thus, finding the commission had authority to assert jurisdiction in this matter and that the evidence supports a finding that the neck and shoulder pain was causally related to the 1990 accident, I would affirm the commission's decision to hold the employer responsible for the payment of the health care provider bills for the medical treatment provided the claimant for these injuries for the reasons set forth above.