COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Hodges
Argued by teleconference


NEW ENERGY BEDROOMS, INC. AND
 PACIFIC INDEMNITY COMPANY
                                    MEMORANDUM OPINION* BY
v.    Record No. 2036-02-3          JUDGE WILLIAM H. HODGES
                                         APRIL 1, 2003
DENNIS K. FLINCHUM


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Robert C. Baker, Jr. (Dobbs & Baker, on
              brief), for appellants.

              P. Heith Reynolds (Wolfe, Williams &
              Rutherford, on brief), for appellee.


     New Energy Bedrooms, Inc. and its insurer (hereinafter

referred to as "employer") appeal from a decision awarding

medical benefits to Dennis K. Flinchum (claimant).  Employer

contends the Workers' Compensation Commission erred in finding

that claimant proved that his claim for depression constituted a

compensable consequence of his February 9, 1999 compensable

injury by accident and, therefore, his February 13, 2001 claim

was timely filed.  Finding no error, we affirm the commission's

decision.

          [The] doctrine [of compensable
          consequences], also known as the chain of

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

causation rule, provides that "'where the chain of causation from the original industrial injury to the condition for which compensation is sought is direct, and not interrupted by any intervening cause attributable to the [employee's] own intentional conduct, then the subsequent [condition] should be compensable.'"

Food Distributors v. Estate of Ball, 24 Va. App. 692, 697, 485 S.E.2d 155, 158 (1997) (citation omitted). "The simplest application of this principle is the rule that all the medical consequences and sequelae that flow from the primary injury are compensable." American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (citation omitted) (emphasis added).

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved his depression was a compensable consequence of his initial February 9, 1999 injury by accident, the commission found as follows:

> Here, claimant's psychiatric symptoms developed after the work accident, as a consequence of his alleged back and neck injuries and his associated pain and distress. Accordingly, we conclude that the Deputy Commissioner erroneously applied the Supreme Court's holding in Shawley [v. Shea-Ball Constr. Corp., 216 Va. 442, 219

- 2 -

S.E.2d 849 (1975)], to the facts of this case, and that the February 13, 2001, claim for emotional dysfunction is not time barred.

Although Dr. [Darrell F.] Powledge concluded that the claimant's depressive neurosis pre-existed the February 9, 1999, injury by accident, the greater weight of the medical evidence is that the claimant's depression and emotional dysfunction relates to the injury by accident as a compensable consequence. In this regard, we rely upon Dr. [Gary M.] Rooker's opinion that the claimant's depressive disorder is related by history to the February 9, 1999, injury by accident, but is not disabling due to the moderate level of his symptoms. The Deputy Commissioner's award will be modified to include medical coverage for the claimant's emotional dysfunction, but no disability will be awarded.

The commission's factual findings are supported by credible evidence, including Dr. Rooker's medical records and opinions. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Rooker's opinion, and to reject Dr. Powledge's opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

- 3 -

Because credible evidence supports the commission's finding that claimant's depression constituted a compensable consequence of his compensable February 9, 1999 injury by accident, we affirm the commission's decision that the February 13, 2001 claim was timely filed.

Furthermore, the record shows that employer did not argue before the commission that claimant's February 13, 2001 claim could not be considered a change in condition because no prior award existed. Rather, employer argued that under Shawley there is no exception for compensable consequences and the claim for depression constituted a separate injury which had to be filed within two years of the accident. Thus, we will not consider employer's argument raised for the first time on appeal that the claim was time barred because no prior award existed. See Rule 5A:18. In addition, the record establishes that claimant filed an initial claim for benefits on October 16, 2000, well within the two-year statute of limitations. He asserted before the commission that a de facto award existed, and employer, in fact, stipulated to the entry of an award for the period of September 1, 1999 to April 5, 2000, a period for which employer had already paid compensation. Therefore, the commission did not address the issue of whether a prior award existed, and we will not consider that issue for the first time on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.

- 4 -