COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Kelsey and Senior Judge Hodges


JACK W. SHELAR

v.       Record No. 2303-03-2

UKROP'S SUPER MARKETS, INC. AND
 UNDERWRITERS SAFETY AND CLAIMS, INC.

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 16, 2003


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Christopher C. Booberg; Thorsen & Scher, L.L.P., on brief), for appellant.

(M. Janet Palmer; Harrell & Chambliss, L.L.P., on brief), for appellees.


Jack W. Shelar (claimant) contends the Workers' Compensation Commission erred in denying his June 12, 2002 change-in-condition application on the ground that it was not timely filed. Claimant argues that the commission erred in finding that he failed to prove that (1) his original Claim for Benefits arising out of his compensable December 4, 1994 injury by accident included a claim for a brain injury; (2) Ukrop's Super Markets, Inc. (employer) was on notice of a possible brain injury; (3) his current brain injury symptoms were causally related to his compensable December 7, 1994 injury by accident; and (4) there was evidence that he complained of or received treatment for symptoms other than headache pain before July 25, 2000. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> [T]he claimant sought to hold the employer responsible for neurological treatment for cognitive difficulties. We agree with the deputy commissioner that the claimant did not prove that his cognitive difficulties, for which he did not receive treatment until more than five years after the accident, were the result of the accident. Although Dr. [Gregory] O'Shanick opined on May 13, 2001, that the claimant's symptoms were caused by a mild traumatic brain injury suffered on December 7, 1994, he did not provide any explanation for the delayed onset of symptoms. Thus, we agree that a preponderance of the evidence did not show that the claimant suffered from a traumatic brain injury on December 7, 1994, that manifested itself with cognitive dysfunction beginning in 2000. We also agree that the claimant did not file a timely claim for benefits for a traumatic brain injury resulting in cognitive dysfunction. The first treatment for these symptoms occurred in 2000, and thus, according to Shawley [v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975),] his Claim was not timely.

We need not reach the issue of whether claimant filed a timely claim for a brain injury. Even assuming, without deciding, that he did so, we cannot find as a matter of law that his evidence sustained his burden of proving that his brain injury/symptoms were causally related to his December 7, 1994 injury by accident.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The commission weighed the medical evidence, and determined that Dr. O'Shanick's opinion, the only medical opinion in the record relating claimant's symptoms to a mild traumatic brain injury sustained on December 7, 1994, was not sufficient to

sustain claimant's burden of proof by a preponderance of the evidence. In light of the almost five-year gap between claimant's last post-accident medical treatment on November 8, 1995 and his medical treatment beginning on July 26, 2000; the lack of any explanation from claimant or Dr. O'Shanick for that time gap; and Dr. Edward Peck's opinion that there was no causal connection between claimant's December 7, 1994 work-related accident and his reported cognitive complaints, the commission, as fact finder, was entitled to give no probative weight to Dr. O'Shanick's opinion. Absent Dr. O'Shanick's opinion, there is no evidence in the record to support a causal connection between claimant's November 7, 1994 compensable injury by accident and his brain injury/symptoms.

Because the medical evidence was subject to its factual determination, we cannot find as a matter of law that claimant sustained his burden of proving a causal connection between his November 7, 1994 compensable injury by accident and his brain injury symptoms.

For these reasons, we affirm the commission's decision.

Affirmed.