KELSEY, J., with whom CLEMENTS, McCLANAHAN, and HALEY, JJ.,
join dissenting.
When Lourenda Southers fell at work, she injured two separate parts of her body. She bruised her left shoulder and damaged the C5-6 facet joint of her cervical spine. Represented by counsel, Southers asserted a timely claim (which the employer agreed to compensate) alleging only a “contusion” to the “left shoulder.” She did not assert a claim alleging (nor *134 did the employer agree to compensate) any injury to her cervical spine. To be sure, Southers’s counsel concedes on appeal that neither he nor his client even knew “she had a specific neck injury” until after the expiration of the two-year statute of limitations. See Oral Argument En Banc at 23:20 to 25:00 (Nov. 8, 2007). “No one knew” about the neck injury, counsel explained, during the statutory limitations period. Id. (emphasis added).[7]
It does not really matter, Southers argues, because she did not need to file a specific claim for a cervical spine injury. The claim alleging a left shoulder bruise should be deemed sufficient. That it is not, however, was settled 30 years ago by Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975). There, too, an injured worker argued it was “not necessary for him to specify all injuries” in his original claim. Id. at 446, 219 S.E.2d at 853. The Virginia Supreme Court flatly disagreed, holding “an employee must assert against his employer any claim that he might have for any injury growing out of the accident.” Id. (emphasis added). Stressing the “jurisdictional” nature of the filing deadline, Shawley held that the claim for injuries to his back and right leg was “forever barred,” id. at 445-46, 219 S.E.2d at 852, because these injuries were not identified in the original, timely-filed claim— which listed only injuries to his “right hip and left ankle,” id. at 443, 219 S.E.2d at 850.
For the reasons discussed in Corporate Resource Mgmt., Inc. v. Southers, 50 Va.App. 20, 646 S.E.2d 10 (2007), the effort to distinguish Shawley strikes me as both unconvincing and unprecedented. Nor can Southers’s argument be squared with Tuck v. Goodyear Tire & Rubber Co., 47 Va.App. 276, 283, 623 S.E.2d 433, 436 (2005), which applied the statute of limitations to an untimely claim for a “neck” injury when the timely claim, memorialized in a memorandum of agreement, identified only injuries to the “lower back and right shoulder.”
*135 Id. (affirming Tuck v. Goodyear Tire & Rubber Co., VWC File No. 204-66-57, 2005 Ya. Wrk. Comp. Lexis 274, at *10 (Apr. 8, 2005)).
The Shawley bar does not apply, the en banc majority holds, because “CRM accepted as compensable claimant’s chronic symptoms” and the commission entered “an award for those symptoms.” Ante, at 120-21, 655 S.E.2d at 35. The conceptual error in this reasoning, however, lies just beneath the surface. Shawley has in effect been sidelined by the transposition of one word, injury, with another, symptom. See ante, at 120-21, 132-33, 655 S.E.2d at 35, 41.
Shawley held an injured worker must assert “any claim that he might have for any injury growing out of the accident.” 216 Va. at 446, 219 S.E.2d at 853 (emphasis added). An injury is the anatomical change to the body caused by the accident. A symptom is not an injury but a sign of an injury—like pain, dizziness, itching, and the like. The damage caused by Southers’s fall to the C5-6 facet joint of her cervical spine was not a symptom of her shoulder bruise. Nothing in the medical records suggests such a confusion of concepts. The fall caused two injuries: a cervical spine injury and a shoulder bruise. Neither is a symptom of the other. The cervical spine injury was itself an injury—one anatomically different, obviously so, from a contusion to the left shoulder.
It only compounds the error to assert that CRM somehow agreed to compensate Southers for the cervical spine injury or that the commission found as much. See ante, at 120-21, 655 S.E.2d at 35. In the memorandum of agreement, Southers identified the “injury or illness, including parts of body affected” solely as a “contusion” to the “left shoulder.” Neither Southers nor her counsel even knew of her cervical spine injury within the two-year filing deadline. It was for that reason, counsel explains, he limited the claim to the left shoulder bruise. The commission’s award order, moreover, simply “approved” the agreement and ordered benefits for the specified “injury.” CRM never accepted liability for a cervical spine injury, nor did the commission’s award order impose that unknown liability upon CRM.
*136 It is true courts “liberally” construe workers’ compensation law in favor of claimants. Ante, at 126, 655 S.E.2d at 38. But that approach, when misapplied, sometimes produces illiberal consequences. In this case, the en banc holding relieves Southers and her counsel of their responsibility for failing to file a timely claim for the cervical spine injury. That case-specific show of mercy, however, will produce an unmerciful systemic impact on future claimants. While unintended, the effect of the holding will discourage employers like CRM from agreeing to accept the compensability of relatively minor injuries for fear that their “agreement” will be later construed by the courts to cover more serious unknown and unforeseeable injuries—including those for which the employer, absent its agreement, would have otherwise been able to successfully challenge as noncompensable.
In short, Shawley governs this case. Southers’s timely claim alleging a left shoulder bruise defined the boundaries of CRM’s liability, as well as the limits of the commission’s remedial jurisdiction. By moving the liability markers out to include an injury to Southers’s cervical spine, after the expiration of the two-year time bar, the en banc majority authorizes the commission to exercise a jurisdictional power denied it by Shawley.

. Southers also concedes on appeal the inapplicability of any limitations period relevant to compensable consequences. See generally Berglund Chevrolet, Inc. v. Landrum, 43 Va.App. 742, 601 S.E.2d 693 (2004).