COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Haley and Beales
Argued at Alexandria, Virginia


MOUNT VERNON HOSPITAL AND
  INOVA HEALTH SYSTEM FOUNDATION

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0088-08-4                      JUDGE RANDOLPH A. BEALES
                                                         NOVEMBER 4, 2008
BETTY LOU DEVERS


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Eric J. Berghold (McCandlish & Lillard, P.C., on briefs), for
              appellants.

              Craig A. Brown (Ashcraft & Gerel, LLP, on brief), for appellee.


      Mount Vernon Hospital and its insurer (collectively referred to hereinafter as employer)

appeal a decision of the Workers' Compensation Commission awarding Betty Lou Devers

(claimant) permanent total disability benefits. Employer argues on appeal that 1) the evidence

was not sufficient to prove that claimant was totally disabled and was not sufficient to prove that

the problems with her left arm were related to her earlier, compensable workplace injury to her

right arm, 2) the deputy commissioner shifted the burden of proof to employer when the case

was remanded for reconsideration in light of after-discovered evidence produced by employer,

and 3) claimant did not file her claim within the appropriate statute of limitations.[1] For the

reasons stated below, we affirm the commission's decision.

---

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Employer listed eleven overlapping Questions Presented on brief. However, neither on
brief nor in oral argument did it contend that each question presented raised a separate issue.
Claimant listed one additional Question Presented in her brief, asking this Court to review the
commission's decision to admit the after-discovered evidence. As we affirm the decision of the

I.  Sufficiency

Employer does not argue that no evidence supported the commission's award of benefits to claimant.  Instead, employer insists that the evidence was not credible, especially given the videotape that was introduced as after-discovered evidence.  Employer argues that this videotape proves that claimant's testimony, and that of her experts, was not credible.  Thus, employer contends, the commission's factual findings were not supported by credible evidence.

Factual determinations are within the discretion of the commission and are "binding and conclusive" on this Court if supported by credible evidence.  Henrico Board of Supervisors v. Taylor, 1 Va. App. 425, 430-31, 339 S.E.2d 565, 568 (1986).

> The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding.  In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.

Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citations omitted).

Dr. John Bruno, claimant's treating physician for over ten years, testified that claimant suffered from reflex sympathetic dystrophy (RSD) in her right arm, which employer agreed was compensable with a 60% loss-of-use rating.  The doctor explained that the RSD had "spread" from the right arm to claimant's left arm, which employer also agreed was compensable when the left arm injury was rated as a 15% disability to that arm.[2]  Dr. Bruno also explained that the

---

commission awarding to claimant the benefits that she requested, we do not address her question presented since such an opinion effectively would be merely advisory.  See Rice v. Rice, 49 Va. App. 192, 203, 638 S.E.2d 702, 708 (2006) (noting "this Court's long-standing reluctance to issue an advisory opinion").

[2] Employer agreed to a supplemental memorandum of agreement that compensated claimant for her left arm injury at a 15% disability rating.

initial compensable injury and the related surgery to claimant's C5-6 disc created the need for her later C6-7 disc surgery. He testified that, prior to that later surgery, claimant's disability rating for her left arm was 45%. He concluded that after the C6-7 surgery, claimant's left arm improved, and he adjusted his disability rating for that arm to 40%. Dr. Bruno also testified that claimant's case was the worst one that he had treated in over thirty years. He noted that, although she could drive and do some things by herself, the problems with both arms prevented her from working.

Dr. Paul Miller essentially agreed with Dr. Bruno's findings. Dr. Gabrial Gluck, who saw claimant at the request of employer, also essentially agreed with Dr. Bruno's findings. Dr. Donald Hope, who testified for employer that claimant could perform some work, nevertheless admitted that he respected Dr. Bruno and considered him an "excellent surgeon." Dr. Hope also acknowledged his respect for Dr. Gluck. A vocational expert testified that claimant could not work on any schedule, whether full-time or part-time, given her injuries.

Dr. Bruno did not change any of his opinions after reviewing the videotape taken by employer's investigator, finding the depictions in the video were consistent with his previous observations of claimant.

The commission, after reviewing all the evidence, found that claimant exaggerated the extent to which her injury affected her ability to perform some everyday functions, given the videotape showed her shopping alone at the grocery store when she testified that she could not shop alone. However, this exaggeration did not discredit the entirety of her testimony, the medical opinion of Dr. Bruno who had treated claimant for over ten years, and the other evidence supporting her claim such that on appellate review this Court can find the commission erred, as a matter of law, in accepting claimant's experts' conclusions. See Great Atlantic & Pacific Tea Co. v. Robertson, 218 Va. 1051, 1053, 243 S.E.2d 234, 235 (1978) (noting that, if no credible

evidence exists in the record to support the commission's findings, then the issue becomes a question of law).[3]

The deputy commissioner and the commission had credible evidence to support the factual findings here. The deputy commissioner viewed the tape and evaluated its impact on the credibility of claimant's representations during the hearing and of the experts' opinions. However, as the commission pointed out, the video did not "establish[] that the claimant could perform any type of gainful employment." It only proved that claimant could do some shopping, open and close a door, and "loop the strap of her purse over her shoulder" without apparent pain during the limited time frame during which the videotaping occurred. It did not disprove the underlying findings of Dr. Bruno, which were based on more than ten years of observation and treatment, as he himself explained.

The totality of the evidence supports the commission's award. Therefore, we find the commission did not err in finding claimant was entitled to permanent total disability benefits.

## II. Burden of Proof

Employer argues that the deputy commissioner shifted the burden of proof to employer when the case was remanded for reconsideration in light of the videotape's introduction as after-discovered evidence. Employer points to the deputy commissioner's statement that "the activities on the surveillance tape are [not] sufficient to establish that the claimant could utilize her upper extremities in gainful employment" and that the videotape was "insufficient to warrant a reversal" of the previous permanent total disability award.

---

[3] We also note that employer agreed to several amendments to the initial memorandum of agreement between the parties, which the commission then approved. The commission approved a supplemental memorandum on July 1, 2004, that recognized the existence and compensability of the left arm injury.

We agree with employer that claimant had the burden to prove that she was unable to use her arms in any gainful employment in order to receive the permanent total disability benefits that she requested. See Ogden Aviation Servs. v. Saghy, 32 Va. App. 89, 98-100, 526 S.E.2d 756, 760-61 (2000) (discussing a claimant's burden of proof). However, the deputy commissioner did not place this burden on employer. Employer basically misconstrues a sentence in the deputy commissioner's second opinion, without taking into account the posture of the case at that point.

Nevertheless, even if the deputy commissioner had improperly shifted the burden, employer did not allege that the commission also improperly shifted this burden.[4] This Court reviews the decisions of the full commission, not the deputy commissioner. Cf. Commonwealth v. Bakke, 46 Va. App. 508, 516-17, 620 S.E.2d 107, 111 (2005) (explaining that this Court only reviews issues considered by the full commission). In addition, this Court does not consider arguments that are not preserved or argued on brief. Rules 5A:18, 5A:20; see also Parks v. Parks, 52 Va. App. 663, 666 S.E.2d 547 (2008). Therefore, this argument is waived as to the final award in this case – the award granted by the commission. See Code §§ 17.1-705(2), 65.2-705.

### III. Statute of Limitations

Employer argues that claimant did not file her claim for the left shoulder injury within the time period required by the statute of limitations, contending that Code § 65.2-601, which sets forth the statute of limitations for original claims, and, thus, Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975), apply here and create a jurisdictional issue.

---

[4] When specifically asked during oral argument whether the commission also shifted the burden, employer alleged that the commission had. However, employer's brief argues only that the deputy commissioner shifted the burden, and employer did not object to the commission that its award also shifted claimant's burden of proof to employer.

Claimant filed an original claim in 1994, clearly within the two years for filing a claim and giving the commission jurisdiction under Code § 65.2-601. She has received benefits from employer every year since that original claim was filed. Employer appeals from the commission's award of benefits to claimant, and that award by the commission was based on a change of condition in claimant's original 1994 injuries. Thus, the appropriate statute of limitations for the appealed claim is found in Code § 65.2-708, which governs the time period for filing a claim based on a change of condition. Shawley, as it addresses the statute of limitations for an original injury and not a change in condition of that original injury, is not applicable here. 216 Va. at 444-47, 219 S.E.2d at 851-53.

As employer does not base this argument on Code § 65.2-708, any argument regarding the statute of limitations is waived for failure to discuss the relevant legal principles. See Rule 5A:20(e); Parks, 52 Va. App. 663, 666 S.E.2d 547. In addition, employer did not make *any* argument regarding the statute of limitations during the proceedings before the commission. Therefore, under Rule 5A:18, we cannot consider this argument on appeal.

## IV. Conclusion

We find the evidence was sufficient to support the commission's award of permanent total disability payments to claimant. Employer's other arguments are waived. Therefore, we affirm the commission's award.

Affirmed.