COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


LYNCHBURG FOUNDRY COMPANY AND
 ARGONAUT INSURANCE COMPANY
                                        OPINION BY
v.          Record No. 1748-95-3    JUDGE RICHARD S. BRAY
                                        APRIL 16, 1996
SILAS E. McDANIEL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        J. Gorman Rosenberger, Jr. (Wilson, Garbee &
        Rosenberger, on briefs), for appellants.

        Ronald D. Henderson (Pendleton, Martin,
        Henderson & Garrett, P.C., on brief), for
        appellee.


        Silas E. McDaniel (claimant) was awarded permanent partial

disability benefits by the Workers' Compensation Commission

(commission) pursuant to Code § 65.2-503.  Lynchburg Foundry

Company and its insurer (employer) appeal, arguing that the claim

was barred by the limitations period prescribed by Code

§ 65.2-601.  We disagree and affirm the commission.

        The facts are uncontroverted.  On December 4, 1991, claimant

accidentally injured his left foot incidental to employment, and

his counsel lodged a "letter claim" with the commission on April

2, 1992.  This correspondence noted counsel's representation of

claimant with respect "to his workmen's compensation claim

arising from [the subject] injury" and requested "a hearing . . .

in reference to the carrier's failure to pay medical mileage and

prescriptions."  The commission acknowledged receipt of

claimant's "application" and notified employer of the pending claim. In response, employer challenged claimant's entitlement to "medical mileage" but assured the commission that employer had provided claimant with prescription drugs necessitated by the accident.

The claim was thereafter placed "in suspense" by the commission, awaiting further documentation from claimant. By letter dated August 7, 1992, claimant advised the commission that "reimbursement . . . for a pair of boots," was the "only unpaid item at [that] time" and, on November 4, 1992, requested a hearing relative to that issue. However, following subsequent verification of payment for the boots by employer, the commission declined to schedule a hearing, without objection from claimant.

The claim remained dormant until claimant's correspondence to employer, dated February 4, 1994, with a copy to the commission, advised employer that claimant had suffered a "10% permanent partial disability to left foot as a result of the injury" and requested employer to "go ahead and submit the appropriate paperwork to us . . . for [claimant's] signature." On December 2, 1994, claimant's counsel wrote the commission seeking a hearing to resolve "this matter." Relying upon the two-year limitation period of Code § 65.2-601, employer countered that the disability claim was time-barred. The commission, however, disagreed, concluding that the claim was protected by the extended period prescribed by Code § 65.2-708(B), and awarded

- 2 -

claimant disability compensation.

Code § 65.2-601 provides that "compensation . . . shall be forever barred, unless a claim [is] filed with the Commission within two years after the accident."  During this period, the employee must "assert against his employer <u>any</u> claim that he might have for any injury growing out of the accident."  <u>Shawley v. Shea-Ball Constr. Co.</u>, 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975) (emphasis added); <u>Mayberry v. Alcoa Bldg. Prods.</u>, 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994).  Code § 65.2-601 is jurisdictional and failure to file within the allotted time bars the claim.  <u>Mayberry</u>, 18 Va. App. at 20, 441 S.E.2d at 350.

However, Code § 65.2-708(A) permits the commission, "on the ground of a change of condition,"[1] to "review any award and on such review . . . make an award ending, diminishing or increasing the compensation previously awarded," provided that
> [n]o such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 . . . .

A review pursuant to Code § 65.2-708(A) is predicated upon a prior award.  <u>Mayberry</u>, 18 Va. App. at 21, 441 S.E.2d at 350-51 (citation omitted); <u>see also</u> <u>Shawley</u>, 216 Va. at 445-46, 219 S.E.2d at 852.  "In those cases where <u>no</u> compensation has been

---

[1]"[A] change in physical condition of the employee . . . which would affect the right to, amount of, or duration of compensation."  Code § 65.2-101.

- 3 -

paid, the Commission may make an award under § 65.2-503 within thirty-six months from the date of the accident." Code § 65.2-708(B) (emphases added).

Here, claimant's original application for benefits embraced only "medical mileage and prescriptions," and employer voluntarily satisfied these expenses, without an award by the commission. Claimant made no mention of permanent partial disability either to the commission or employer until February 4, 1994, twenty-six months after the accident, and did not request a hearing on this "matter" until December 2, 1994. Thus, the provisions of Code § 65.2-708(A) did not save the disability claim from the jurisdictional bar of Code § 65.2-601. See Shawley, 216 Va. at 446, 219 S.E.2d at 852-53; Mayberry, 18 Va. App. at 20-21, 441 S.E.2d at 350-51.

Nevertheless, the commission, noting that the original "claim was filed within two years of the accident" and that the contested "second claim" was "made within 36 months from the . . . accident," applied Code § 65.2-708(B) to exempt the later claim from the preclusive effect of Code § 65.2-601. Clearly, the disability claim sought an award under Code § 65.2-503, had not been preceded by the payment of compensation,[2] and was asserted within thirty-six months of the accident which was

---

[2]Compensation within the intendment of Code § 65.2-708 "refers only to compensation paid to the employee," not "voluntary payment of medical expenses by the employer." Meade v. Clinchfield Coal Co., 215 Va. 18, 19-20, 205 S.E.2d 410, 411 (1974).

subject of the earlier claim.  Unlike Code § 65.2-708(A), Code § 65.2-708(B) does not require the existence of a prior award. Thus, the later claim qualified for relief pursuant to Code § 65.2-708(B).

Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>