COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


LYNCHBURG FOUNDRY and
 ARGONAUT INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
v.        Record No. 2816-96-3        JUDGE SAM W. COLEMAN III
                                      JUNE 3, 1997
ROBERT F. CYRUS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

J. Gorman Rosenberger, Jr. (Wilson, Garbee &
Rosenberger, on briefs), for appellants.

(P. Scott De Bruin; Joseph R. Johnson, Jr. &
Associates, on brief), for appellee.


The Workers' Compensation Commission denied the claimant's
application for permanent partial disability benefits filed
pursuant to Code §§ 65.2-503 and -708.  The employer defended the
claim on the grounds that the claim was barred by the statute of
limitations and that the claimant was not entitled to a
permanency rating for the injury.  The commission held that the
claim was not barred by the statute of limitations because the
employer paid the claimant's salary during his disability and
failed to file a Memorandum of Agreement.  On the merits, the
commission ruled that Code § 65.2-503 does not provide for a
permanency rating for loss of use of a shoulder, and therefore,
the commission held that the claimant was not entitled to
benefits.  The claimant did not appeal that decision and it is

_____
    [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

final.  Thus, the employer prevailed on the merits of the claim before the commission.

Despite the employer having prevailed on the merits, the employer appeals the commission's decision that the statute of limitations did not bar the claim.  In support of its contention the employer cites <u>Lynchburg Foundry Co. v. McDaniel</u>, 22 Va. App. 307, 311, 469 S.E.2d 85, 87 (1996), for the proposition that Code § 65.2-708(B) precludes the claimant from seeking an award for permanent partial disability when he purportedly did not file a claim within thirty-six months from the date of this injury.

Assuming that the employer's argument has merit and the commission erred in holding that the statute of limitations did not bar the claim, nevertheless, a decision by us in the employer's favor would have no affect upon this claim.  Regardless of our decision, we could grant no relief.  We do not decide cases where no justiciable controversy is pending or remains to be determined.  <u>See</u> <u>City of Fairfax v. Shanklin</u>, 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964).  A suit seeking an advisory opinion, a decision upon a moot question, or an answer to a speculative inquiry will not be undertaken by a court.  <u>Blue Cross and Blue Shield of Va. v. St. Mary's Hosp. of Richmond, Inc.</u>, 245 Va. 24, 36, 426 S.E.2d 117, 123 (1993).

The commission's denial of benefits to the claimant is a final decision.  For us to consider the commission's decision on the issue of whether the claim for a permanency rating is barred

by the statute of limitations would serve no purpose because no pending controversy exists between the parties.  We will not render an advisory opinion on whether the claim is barred by the statute of limitations merely because the employer harbors some apprehension that the claimant may in the future file another claim.

Accordingly, because the decision of the commission denying the claimant benefits for a shoulder permanency rating is final and has not been appealed, we do not decide the statute of limitations issue as applied to the shoulder claim.  However, because the decision on the merits of the claimant's shoulder injury rating renders moot and of no effect the commission's decision on the statute of limitations issue, we vacate the commission's decision concerning the statute of limitations.

<u>Decision vacated and appeal dismissed.</u>