COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


DIRK NEAL CAMPBELL
                                        MEMORANDUM OPINION*
v.    Record No. 1529-00-3                 PER CURIAM
                                         OCTOBER 31, 2000
LYNTOOL, INC. AND
 MERCHANTS OF VIRGINIA GROUP
 SELF-INSURANCE ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Philip B. Baker; Sanzone & Baker, P.C., on
              brief), for appellant.

              (Kathryn Spruill Lingle; Brenner, Evans &
              Yoffy, P.C., on brief), for appellees.


     Dirk Neal Campbell (claimant) contends that the Workers'

Compensation Commission erred in finding that his claims for an

award of medical benefits related to his left leg injury and for

an award of permanent partial disability benefits for impairment

to his left leg were barred by the applicable statute of

limitations.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

--------------------------------------------------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The evidence proved that on September 8, 1995, claimant sustained a compensable injury by accident while working for Lyntool, Inc. (employer).  Employer's First Report reflected an injury to claimant's right leg.  Pursuant to a Memorandum of Agreement executed by the parties on June 11, 1996, the commission entered an award for compensation and medical benefits related solely to an injury to claimant's right leg. On July 26, 1997, the commission entered an award for compensation benefits for an additional period of disability.

On May 23, 1997, claimant filed a letter application with the commission alleging a change-in-condition with regard to his September 8, 1995 accident.  This application did not refer to a left leg injury or make any claim for a left leg injury. Claimant sought additional temporary partial disability benefits.

On March 2, 1998, claimant filed a "Request for Hearing" seeking payment for medical treatment related to a left leg injury that he claimed occurred on September 8, 1995, the original accident date.  On June 24, 1998, the commission held a hearing with respect to the May 23, 1997 change-in-condition

-

application and the March 2, 1998 claim for payment of medical expenses related to the left leg.

By letter dated August 4, 1998, claimant's counsel requested that the commission enter an order allowing him to non-suit the March 2, 1998 claim with respect to injury and treatment of the left extremity arising from the accident of September 9, 1995. He wrote that claimant did not "wish to proceed with the issue of temporary partial disability and our claim thereunder." On September 30, 1998, the deputy commissioner rendered an opinion dismissing the March 2, 1998 claim without prejudice per claimant's request. The deputy commissioner specifically noted that "[w]e expressly make no finding as to whether this claim may be time-barred." Neither party appealed the dismissal of the March 2, 1998 claim with respect to injury to the left leg.

On September 8, 1998, claimant filed a claim requesting an award of lifetime medical benefits as to his lower left extremity and permanent partial disability benefits for impairment of his lower left extremity related to his original accident of September 8, 1995. On July 1, 1999, claimant's counsel requested that his September 8, 1998 claim be docketed for a hearing with respect to a determination that the lower left extremity is causally related to the September 8, 1995 accident and for an award of permanent partial disability benefits for the left and right lower extremities.

-

In ruling that claimant failed to file a timely claim for medical benefits related to his left leg injury or for permanent partial disability benefits related to left leg impairment, the commission found as follows:

> The Agreements, the Employer's First Report of Accident, and other records filed with the Commission fail to indicate any claim for an accident with an injury to the left leg until March 2, 1998. The May 23, 1997, claim for a change in condition cannot be construed as being for a left leg. This claim does not specifically identify that benefits were sought for a left extremity injury. In addition there had never been a claim for an injury to the left leg thus there could be no change in condition claim for this injury. The only claim for which an agreement was reached and an Award entered was for the right leg. That counsel was aware that the May claim was not for the left extremity is evidenced by the later filing of a claim for the left leg on March 2, 1998. After a hearing in which evidence was taken on both claims, claimant's counsel . . . requested that the March 2, 1998, claim be non-suited. This was done by Opinion of September 30, 1998. This opinion also adjudicated all issues raised by the May 23, 1997 claim. No appeal was taken from this decision. Counsel did not refile any claim until September 8, 1998.
>
> . . . [I]n order to assert a claim for a left extremity injury, a claim must have been filed with the Commission on or before September 8, 1997. The first claim filed asserting a left knee injury was on March 2, 1998. This claim was withdrawn and dismissed. We also note that it was not a timely claim in that it was filed more than two years after the date of accident. For the same reason, the September 8, 1998, and

-

> July 1, 1999, claims for the left extremity
> were not timely filed.

(Footnote omitted.)

The commission's findings are amply supported by the record. No evidence in the record established that claimant filed a claim for medical benefits related to treatment of his left leg within the applicable statute of limitations provided in Code § 65.2-601. The fact that there may have been references to a left leg injury in claimant's medical records or that employer may have paid medical expenses at some point in time related to treatment of claimant's left leg did not negate claimant's statutory obligation to file a timely claim with regard to his left leg to invoke the commission's jurisdiction. Claimant was aware, as early as April 17, 1997, that employer specifically denied responsibility for treatment of his left leg. Claimant's counsel confirmed this in his July 15, 1997 correspondence to the carrier. Yet, claimant failed to file a claim for treatment related to his left leg until March 2, 1998, more than six months after the two-year statute of limitations expired. Furthermore, appellant non-suited the March 2, 1998 claim and did not refile it until September 8, 1998, again well outside the applicable two-year limitations period.

We also find no merit in claimant's argument that Code § 65.2-708(A) somehow saved his claim from the bar of the

-

statute of limitations.  Code § 65.2-708(A) provides in

pertinent part as follows:

> No such review [of any award] shall be made
> after twenty-four months from the last day
> for which compensation was paid, pursuant to
> an award . . . except: (i) thirty-six months
> from the last day for which compensation was
> paid shall be allowed for the filing of
> claims payable under § 65.2-503 . . . .

Thus, a review pursuant to Code § 65.2-708(A) requires the

existence of a prior award.  See Lynchburg Foundry Co. v.

McDaniel, 22 Va. App. 307, 311, 469 S.E.2d 85, 87 (1996).

Appellant did not file a claim for an injury to his left

leg within two years of the accident date.  No prior award

existed with respect to his left leg injury.  "Thus, . . . Code

§ 65.2-708(A) did not save [his] . . . claim [for medical

expenses] from the jurisdictional bar of Code § 65.2-601."  Id.

Code § 65.2-708(B) provides that "'[i]n those cases where

no compensation has been paid, the Commission may make an award

under § 65.2-503 within 36 months from the date of the

accident.'"  Id. (citation omitted).  Although Code

§ 65.2-708(B) does not require a prior award, it requires that a

claimant file a claim for the specific injury alleged within two

years of the accident as required by Code § 65.2-601.  See id.

at 311-12, 469 S.E.2d at 88 (where original claim for injury was

filed within two years of accident, claim for permanent partial

disability benefits was filed within thirty-six months of

accident, and no compensation had been paid, permanent partial

-

disability benefits were awardable under Code § 65.2-708(B)). Because claimant failed to file a timely claim for a left leg injury under Code § 65.2-601, Code § 65.2-708(B) did not act to save his September 8, 1998 claim for permanent partial disability benefits related to his left leg.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

-