Tuesday                    28th

November, 2006.

Carlos Andres Arias,                                                                                    Appellant,

 against          Record No. 0089-06-4
                 Claim No. 199-77-27

United Masonry of Virginia, Inc. and
  Twin City Fire Insurance Company,                                                          Appellees.


Upon a Rehearing En Banc

Before Chief Judge Felton, Judges Benton, Elder, Frank, Humphreys, Clements, Kelsey,
McClanahan, Haley, Petty and Beales

Paige A. Kremser (Simon M. Osnos; Osnos & Associates, LLC,
on brief), for appellant.

William T. Kennard (O'Connell, O'Connell, & Sarsfield, on brief),
for appellees.

By *per curiam* opinion dated May 23, 2006, <u>Carlos Andreas Arias v. United Masonry of Virginia, Inc.</u>, Record No. 0089-06-4 (Va. Ct. App. May 23, 2006), a divided panel of this Court affirmed the decision of the Virginia Workers' Compensation Commission.  We stayed the mandate of that decision and granted a rehearing *en banc*.

Upon rehearing *en banc,* it is ordered that the stay of this Court's May 23, 2006 mandate is lifted and the judgment of the Virginia Workers' Compensation Commission is affirmed for the reasons set forth in the panel majority opinion.

Chief Judge Felton, Judges Benton, Elder, Haley and Beales dissent for the reasons set forth in the dissenting opinion of the panel.

This order shall be certified to the Virginia Workers' Compensation Commission.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **11th** *day of* **July, 2006**.

Carlos Andres Arias, Appellant,

against        Record No. 0089-06-4
                  Claim No. 199-77-27

United Masonry of Virginia, Inc. and
  Twin City Fire Insurance Company, Appellees.

Upon a Petition for Rehearing En Banc

Before the Full Court

On June 6, 2006 came the appellant, by counsel, and filed a petition requesting that the Court set aside the judgment rendered herein on May 23, 2006, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on May 23, 2006 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

Notwithstanding the provisions of Rule 5A:35, the following briefing schedule hereby is established: Appellant shall file an opening brief upon rehearing *en banc* within 21 days of the date of entry of this order; appellee shall file an appellee's brief upon rehearing *en banc* within 14 days of the date on which the opening brief is filed; and appellant may file a reply brief upon rehearing *en banc* within 14 days of the date on which the appellee's brief is filed. The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the

Court in this matter.  It is further ordered that the appellant shall file twelve additional copies of the

appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Overton


CARLOS ANDRES ARIAS

                                                        MEMORANDUM OPINION*
v.      Record No. 0089-06-4                                PER CURIAM
                                                            MAY 23, 2006
UNITED MASONRY OF VIRGINIA, INC. AND
 TWIN CITY FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Simon M. Osnos; Osnos & Associates, LLC, on brief), for
            appellant.  Appellant submitting on brief.

            (William T. Kennard; O'Connell, O'Connell & Sarsfield, on brief),
            for appellees.  Appellees submitting on brief.


        Carlos Andres Arias (claimant) appeals a decision of the Workers' Compensation

Commission finding that his claim filed on September 22, 2003 seeking an award of permanent

partial disability (PPD) benefits was time-barred by Code § 65.2-601.  Claimant contends the

commission erred in finding that his left leg condition constituted a separate and distinct injury

from his compensable December 22, 1999 back injury, thereby invoking the statute of limitations

contained in Code § 65.2-601, rather than the limitations period contained in Code § 65.2-708.

Finding no error, we affirm the commission's decision.

        On appeal, we view the evidence in the light most favorable to the prevailing party

below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

We uphold the commission's factual findings supported by credible evidence.  James v. Capitol

Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  We are not bound,

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

however, by its conclusions of law.  Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

Claimant sustained an injury by accident on December 22, 1999.  On January 26, 2001, he filed a claim seeking medical benefits and temporary total disability (TTD) benefits due to a "painful lumbar disk condition."  Employer denied the claim on jurisdictional grounds.  The parties stipulated that claimant sustained a lower back injury and TTD from December 22, 1999 through November 2, 2000.  On July 31, 2001, a deputy commissioner rejected employer's jurisdictional defense and entered an award in favor of claimant, but denied his claim for temporary partial disability (TPD) benefits, finding claimant was terminated for cause.  The commission affirmed that decision on March 29, 2002.

On October 24, 2002, claimant filed an application alleging a change in condition and seeking authorization for back surgery and TTD benefits commencing December 11, 2002.  On May 28, 2003, a deputy commissioner ruled the claim was timely filed, but was anticipatory and premature because no disability occurred until December 11, 2002, after the expiration of the two-year limitations period.  Thus, the deputy commissioner found that the claim was barred by the limitations period contained in Code § 65.2-708.  The commission affirmed, and claimant appealed that decision to this Court.  We affirmed the commission's decision in a memorandum opinion dated August 10, 2004.

On September 22, 2003, claimant filed a claim for benefits seeking TPD benefits and PPD benefits "for a scheduled injury to the left leg under Virginia Code § 65.2-503" and vocational rehabilitation benefits.[1]  On November 1, 2004, claimant submitted a permanent

---

[1] Claimant withdrew his claims for TPD and vocational rehabilitation benefits at the April 12, 2005 hearing.

impairment evaluation rendered by Stephanie A. Giorlando, D.O., assessing a thirty-nine percent impairment rating to the left lower extremity.

The medical records show that claimant sustained the immediate onset of back and left leg pain at the time of the December 22, 1999 injury by accident, which continued up through the time of the hearing. Claimant underwent several surgeries subsequent to December 22, 1999, but continued to suffer from lower back pain and left leg pain.

At the April 12, 2005 hearing, claimant testified that on December 22, 1999, he was working on a scaffold in windy weather. He stated that when the scaffold began to move in the wind, his left leg slipped between the scaffold and the building and got stuck. He claimed he experienced pain in his left leg immediately "at that very moment." At the time of the hearing, his left leg hurt "a lot" when he was sitting, walking or standing. He experienced pain behind his thigh into his calf down to his ankle.

Based upon this record, a majority of the commission found as follows:

> The Deputy Commissioner denied the claim, finding that . . . the claimant failed to allege a left leg injury within two years of the date of the accident. We find no error in this finding. Section 65.2-601 provides that an employee must file a claim within two years of an accident or his right to compensation is forever barred. The claimant must assert a claim for any injuries sustained in the accident within the two-year time period. See Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975). The record clearly confirms that the claimant never made a claim for a left leg injury until the September 22, 2003, permanency claim, filed nearly four years after the date of the accident. The prior Opinions in this case refer only to a lower back injury.

> \* \* \* \* \* \* \*

> The claimant further argues that we "should impute to the employer" the claimant's history of "left leg and left foot radicular pain, dating back to the very date of the injury." We recognize that the treatment received by the claimant involved the left leg and back complaints. The medical records describe complaints of left gluteal pain and radicular pain. However, as the employer

- 3 -

> correctly notes, the employer's awareness of left leg complaints and payment of medical bills does not estop the employer from asserting the statute of limitations.
>
> Most significant to our decision, however, is the claimant's testimony which attributes his leg problem to a traumatic injury sustained at the time of the accident. The claimant did not testify that his leg problem is a compensable consequence of his back injury. A party can rise no higher than his testimony. <u>Massie v. Firmstone</u>, 134 Va. 450, 114 S.E. 652 (1922). Accordingly, the claimant should have filed a claim for a left leg injury within two years of the date of the accident. He did not, and his claim is therefore barred by § 65.2-601.

(Citations omitted.)

Code § 65.2-601 states "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." "The timely filing of an original claim is jurisdictional, and a claimant bears the burden of proving his claim was timely filed." <u>Massey Builders Supply Corp. v. Colgan</u>, 36 Va. App. 496, 502, 553 S.E.2d 146, 149 (2001).

"During this period, the employee must 'assert against his employer any claim that he might have for *any* injury growing out of the accident.' Code § 65.2-601 is jurisdictional and failure to file within the allotted time bars the claim." <u>Lynchburg Foundry Co. v. McDaniel</u>, 22 Va. App. 307, 310, 469 S.E.2d 85, 87 (1996) (quoting <u>Shawley</u>, 216 Va. at 446, 219 S.E.2d at 853 (emphasis added)) (other citation omitted).

> However, Code § 65.2-708(A) permits the commission, "on the ground of a change of condition," to "review any award and on such review . . . make an award ending, diminishing or increasing the compensation previously awarded," provided that
>
>> no such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 . . . .

- 4 -

A review pursuant to Code § 65.2-708(A) is predicated upon a prior award.

Lynchburg Foundry, 22 Va. App. at 310-11, 469 S.E.2d at 87 (quoting Code § 65.2-708(A)) (footnote omitted).

First, we consider whether claimant's left leg injury constituted a change in condition pursuant to Code § 65.2-708. The doctrine of compensable consequences provides

"when the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct."

Bartholow Drywall Co., Inc. v. Hill, 12 Va. App. 790, 793-94, 407 S.E.2d 1, 3 (1991) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 283, 348 S.E.2d 876, 879 (1986)). "'The simplest application of this principle is the rule that all the medical consequences and sequelae that flow from the primary injury are compensable.'" American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (quoting 1 Arthur Larson, The Law of Workmen's Compensation § 13.11 (1992)).

In this case, we find that claimant's left leg injury was not a medical consequence that flowed from the primary injury. Claimant testified before the deputy commissioner that he injured his left leg on December 22, 1999, the date of the accident. The medical records report an immediate onset of left leg pain at the time of the accident. Thus, according to claimant's own testimony and the initial medical records, claimant's left leg injury was a primary injury, not a subsequent condition that developed as a result of the accident. Therefore, the limitation period in Code § 65.2-708(A) is inapplicable to claimant's left leg injury claim.

Because we find that claimant's left leg injury was a primary injury, the two-year limitation period in Code § 65.2-601 applies. It was undisputed that claimant failed to file a claim for a left leg injury within two years of the date of the December 22, 1999 injury by

- 5 -

accident.  Accordingly, we cannot find as a matter of law that claimant's evidence sustained his

burden of proof.  Thus, the commission did not err in finding claimant's claim for benefits

related to his left leg injury was time-barred by Code § 65.2-601.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

Benton, J., dissenting.

I believe that the commission erred in finding that Carlos Andres Arias's leg pain did not derive from his back injury. Therefore, I would reverse the decision and remand.

Arias filed a claim for benefits on January 25, 2001, for medical benefits and temporary total disability resulting from an injury to his back on December 22, 1999. After the parties stipulated to "a compensable accidental injury involving the lower back" and total disability through November 2, 2000, the commission entered an award. Arias filed a claim for permanent loss of use of his leg under Code § 65.2-503 within three years of the date the employer last paid compensation, as required by Code § 65.2-708(A). This appeal arises from the commission's denial of an award for permanent loss.

In his claim for permanent loss of use of his leg, Arias alleged that he "sustained a *back injury* during the course of employment which has resulted in permanent disability to the back and permanent injury to the left leg." The statement of position, which Arias filed prior to the evidentiary hearing, specifically asserted that his "claim for scheduled benefits under [Code] § 65.2-503 for permanent partial disability to the left leg is based on pain radiating to [his] left leg as the result of a herniated disk sustained in a workplace accident on December 22, 1999." In support of his claim, Arias submitted a permanent impairment evaluation rendered by Stephanie A. Giorlando, D.O., assessing a 39% loss of use impairment for his "left lower extremity."

The commission noted in its opinion that Arias "never made a claim for the left leg injury until the . . . permanency claim" and that its prior "opinions . . . refer only to a lower back injury." Denying Arias's claim, the commission relied upon Arias's testimony and Shawley v. Shea-Ball Construction Co., 216 Va. 442, 219 S.E.2d 849 (1975).

We addressed an injury similar to Arias's injury in Washington Metropolitan Area Transit v. Rogers, 17 Va. App. 657, 440 S.E.2d 142 (1994). There, we held:

- 7 -

Employer argues first that the commission erred in awarding benefits for permanent partial disability to employee's leg. It is undisputed that employee sustained no direct injury to his leg; rather, an injury to his back caused the permanent partial disability to his leg. In addition, he experienced no reduction in earning capacity as a result of the injury. Because the back is not listed in Code § 65.2-503 as a compensable organ or member, employer argues that an award under that section is inappropriate in this case. After careful review, we conclude that the commission did not err in awarding claimant benefits for permanent partial disability to his leg . . . .

Code § 65.2-503(A) provides compensation for permanent partial and permanent total loss and disfigurement of certain scheduled body parts and senses, including the legs but excluding the back. In addition to anatomical loss, it provides that "the permanent loss of the use of a member shall be equivalent to the loss of such member, and for the permanent partial loss or loss of use of a member, compensation may be proportionately awarded." Code § 65.2-503(D). Nowhere does that section specify that any loss of use must result from injury directly to the member itself. Therefore, we read the statute to allow compensation for any work-related injury which manifests itself in a scheduled member.

17 Va. App. at 658-59, 440 S.E.2d at 143-44 (citations omitted).

The employer's first report of accident described the accident as occurring while Arias was on a scaffold, specifically indicating "his leg went through [an 8 inch] gap causing [Arias] to sit down hard causing a bruised back." Significantly, the first report of accident describes the "nature of the injury . . . , including parts of body affected" to be "strain . . . low back area." Consistent with the employer's first report, Arias filed a claim for benefits a month after the incident seeking medical benefits and temporary total disability benefits due to a "painful lumbar disk condition." Indeed, Arias has never claimed a direct injury to his leg. Thus, as in Rogers, this is a case in which the "employee sustained no direct injury to his leg." 17 Va. App. at 658, 440 S.E.2d at 143.

The record establishes that Arias's present claim for permanent partial loss of use of his leg was a development that flowed directly from his back injury; thus his leg injury is

- 8 -

compensable. The attending physician's report, which is dated the day of Arias's injury, notes that Arias "slipped & fell while at work. Landed on left buttock. C/o lower back pain, pain in back of left hip & leg." The physician's findings indicate "tenderness over lumbo-sacral spine & left buttock" and "strain of back, contusion of gluteal area." This report does not establish an injury to the leg but does indicate pain symptoms in the leg. A month later, an orthopaedic physician noted "compression of the sciatic nerve causes recreation of some of the leg symptoms" and later diagnosed lumbar radiculitis, noting "signs and symptoms consistent with sacroiliitis and lumbar strain causing nerve irritation." When Arias did not respond to conservative treatment, the orthopaedic doctor referred Arias to Dr. Donald G. Hope, who diagnosed "lumbar disc herniation, L5-S1 left, with radiculopathy,"[2] causing leg pain. Following various diagnoses by his doctors of back injury resulting in pain symptoms in his leg, the commission ruled favorably on Arias's claim for medical benefits, and Arias had three surgeries on his back in order to correct the spinal damage and alleviate his back and leg pain. Simply put, shortly after the accident, physicians diagnosed Arias' leg pain as a symptom resulting from the injury to his back, and they consistently treated this leg pain as a manifestation of his lumbar disk injury.

It appears from the record that Arias's employer did not originally dispute the link between the leg pain and back injury. On April 10, 2000, both parties signed an agreement, filed with the commission, describing the cause and nature of the injury. The agreement stated the cause was a "strained leg which slipped off lift" and described the nature of the injury as "herniated L5-S1 disc[s]."

---

[2] Radiculopathy is a "disease of the nerve roots." Hays v. Sullivan, 907 F.2d 1453, 1457 n.4 (4th Cir. 1990).

Inexplicably, the commission's opinion noted that "[m]ost significant to [its] decision . . . is [Arias's] testimony," which it describes as "attribut[ing] his leg problem to a traumatic injury sustained at the time of the accident." The record indicates that Arias testified as follows:

> Q: And would you explain to me how the injury of November 2, 1999 [sic] occurred?
>
> A: I was working at the scaffold and it was windy, and the scaffold started to move in the wind and I slipped [between] the scaffold and the building.
>
> Q: Did your left leg slip between the scaffold and the building?
>
> A: Yes, it did. Yes, it got stuck there, yes.
>
> Q: And after the accident did there come a time when you experienced any problem or pain with your left leg?
>
> A: Starting at that very moment.
>
> Q: And what, if any, pain or problems do you experience today with your left leg?
>
> A: I have a lot. If I'm sitting down it hurts me too much. When I'm walking it hurts me a lot. If I'm standing it hurts me a lot. I really don't have a position in which I'm comfortable.

This testimony merely described the events as they occurred and the leg pain that resulted. It is consistent with the employer's first report of accident which reported Arias's "leg went through the gap causing [Arias] to sit down hard causing a bruised back." Indeed, this was the precise circumstance that led to the award for disability occurring to Arias's back. Nothing in Arias's testimony describes a traumatic injury to his leg.

Equally inexplicable is the commission's observation that Arias "did not testify that his leg problem is a compensable consequence of his back injury." It is well established that causation of a medical condition or consequence may be proved by either medical evidence or the testimony of the injured claimant. Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176-77,

468 S.E.2d 152, 154-55 (1996). As discussed above, the medical evidence in this case indisputably established that Arias's leg pain was caused by the injury to his back.

In fact, nothing in the extensive medical records suggests that Arias's leg pain derived from a source other than his back injury. The only facts that the employer cited in support of its argument that the pain did not stem from the spinal damage were that Arias felt pain in his leg immediately at the time of the injury and that the doctors were unable to pinpoint the neurological cause of the leg pain. This last fact hardly seems relevant since the medical tests also could not find "substantiating objective findings" to explain Arias's back pain. As for his immediate leg pain, I fail to see how that is persuasive on whether the pain was caused by his back injury or a separate leg injury. In essence, no credible evidence in the record supports a finding that Arias suffered a separate injury to his leg. See Farmington Country Club, Inc. v. Marshall, 47 Va. App. 15, 27, 622 S.E.2d 233, 239 (2005) (holding that on appeal, we must determine "whether credible evidence exists to support the commission's finding of fact"). Indeed, no evidence, credible or otherwise, supports a finding other than that Arias's leg pain was a consequence of his spinal injury.

In Shawley, which the commission relied upon, the parties entered into a memorandum of agreement that "described the nature of the [compensable] injury as 'right hip and left ankle.'" 216 Va. at 443, 219 S.E.2d at 850. The employer alleged in a change-in-condition application that Shawley had reached maximum medical improvement and had a 5% permanent partial disability on his left ankle. Id. at 443, 219 S.E.2d at 857. The commission "found a 20% permanent partial loss of the use of the left leg." Id. Shawley appealed and argued that the commission erred by not considering his claim for injuries to his back and right leg. Id. Affirming the commission's award, the Supreme Court held that the employer had no knowledge within the applicable limitation period "that Shawley's back or right ankle was involved, or that

- 11 -

any claim for such injuries would ever be made against them." Id. at 446-47, 219 S.E.2d at 853. The Court also held that Shawley failed to present his alternative argument that his back and right ankle conditions resulted "from the injuries received in the accident and the treatments administered" to the commission. Id. at 447-48, 219 S.E.2d at 853-54. Despite this procedural default, the Court nonetheless examined the evidence and ruled "there is insufficient evidence for the Commission to have found that the back and right ankle conditions were aggravated by, or grew out of, the medical treatment administered to Shawley for his left ankle, or were developments proceeding from the left ankle injury." Id. at 448, 219 S.E.2d at 854.

In this appeal, Arias properly raises the issue that was procedurally defaulted in Shawley and that the Court alternatively held lacked sufficient evidence to support the claim. Thus, this case is controlled by our decision in Rogers and is unlike the failure of proof that existed in Shawley.

Virginia courts consistently have held that "'all the medical consequences and sequelae that flow from the primary injury are compensable.'" Am. Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (citation omitted); see also E.C. Womack, Inc. v. Ellis, 209 Va. 588, 591-93, 166 S.E.2d 265, 268-69 (1969) (affirming that the employee's condition was not a new injury, but a development of her original injuries). Arias's testimony explained the circumstances that led to the compensable injury to his back, and he provided extensive medical reports establishing that his leg pain was a symptom resulting from his back injury. Thus, the record proved that Arias's leg pain was a consequence of his back injury, not an after-the-fact claim which had no connection to the primary injury; it established the permanency of the leg pain he experienced was a result of the "lumbar disc herniation, L5-S1 left, with radiculopathy," as diagnosed and treated by Dr. Hope. The medical evidence established that Arias's pain and lost function in his left leg were medical consequences flowing from his back injury, and thus

- 12 -

compensable.  See Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (noting that the reports of "Dr. Joiner and Dr. Hodges established that claimant suffered knee *pain secondary* to and as a consequence of his failed back syndrome" (emphasis added)).

For these reasons, I would reverse the commission's denial of an award and remand.